**PROJECT 74 ALLENTOWN, INC., Plaintiff,**

v.

**Beverly FROST, Dr. Robert Reichard, Century 21 Daystar, Inc., Lynda Moyer, Barry Isett & Associates, and Christine Nealy, Defendants.**

**No. 91 Civ. 2993(RPP).**

United States District Court, S.D. New York.

Aug. 19, 1991.

Frank & Aronow, P.C., New York City by Joseph M. Aronow, for Project 74 Allentown, Inc.

Delamater & Berlowitz, New York City by Allan J. Berlowitz, for defendants Frost and Reichard.

Bazelon & Less, Philadelphia, Pa. by A. Richard Feldman, Kevin P. Claffey, New York City, for defendant Lynda Moyer.

Christina M. Nealy, Quakertown, Pa., pro se for defendants Nealy and Century 21 Daystar, Inc.

McFadden & Knauer, Allentown, Pa. by Robert McFadden, for defendant Barry Isett & Associates, P.C.

## OPINION AND ORDER

ROBERT P. PATTERSON, JR., District Judge.

Defendants move to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil

Procedure for lack of personal jurisdiction and pursuant to Fed.R.Civ.P. 12(b)(3) for improper venue, or, in the alternative, to transfer this action pursuant to 28 U.S.C. § 1404(a) or § 1406(a). For the reasons stated below, the action is transferred to the United States District Court for the Eastern District of Pennsylvania.

## BACKGROUND

The action concerns the sale of a 74–acre tract of land in Lower Macungie Township, Lehigh County, Pennsylvania. Plaintiff is a corporation with its principal place of business in New York, New York. All defendants are residents of Pennsylvania and include the sellers of the property, the real estate sales persons who brokered the transaction, the real estate agency where the sales persons worked, and a Lehigh County engineering firm. Plaintiff charges the defendants with violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., conspiracy to defraud, and fraud.

Plaintiff is a corporation with several principals, including Abraham Arab; it is also the assignee of the Contract of Sale at issue here, executed by its principals. In or around March, 1987, Arab made contact with defendant Century 21 Daystar, Inc., a real estate agency,[1] and expressed interest in acquiring parcels of land for residential development. A sales person showed him and his partners, Ouriel Aryeh, Moussa Aryeh and Ariel Aryeh (the latter also known as Ben Lev), the 74–acre tract ("the Land"), which belonged to defendants Frost and Reichard. Arab and his partners negotiated the purchase of the Land with defendants Nealy and Moyer, principal and sales person, respectively, of Century 21 Daystar. It is alleged that Nealy and Moyer told the potential buyers that the property was appropriate for subdivision and development and that there shouldn't be any difficulty obtaining the necessary permits from the township.

On May 12, 1987, plaintiff's principals as four individuals entered into a Contract of Sale (the "Contract") in the amount of $1,258,000. Complaint, Exhibit B. The Contract recited that the sellers resided in New Hope, Pennsylvania and that the buyers resided in New Jersey. It provided that closing would take place approximately one year after the execution of the Contract, on May 30, 1988, contingent upon the buyers obtaining the necessary permits and approvals by April 30, 1988. It also provided that the closing could be extended for up to 120 days after May 30, 1988, if the permits had not yet been obtained. After execution of the Contract, defendant Barry Isett & Associates ("Isett") was hired to act as the engineer in obtaining the permits from Lower Macungie Township. Isett was allegedly recommended to the purchasers by defendants Frost, Richard, Nealy and Moyer.

The necessary permits were not obtained by April 30, 1988. The buyers went forward with the closing on or about May 26, 1988 and executed a purchase money mortgage and note in the amount of $1,004,600. Shortly after the closing, the township denied approval of the proposed subdivision and residential development. Plaintiff states that the buyers went forward with the closing on May 26, 1988 only because of fraudulent misrepresentations made by the defendants that the permits and approvals would be readily obtained and that the property was a very valuable tract in which other buyers were interested.

## DISCUSSION

I. Motions to Dismiss for Lack of Personal Jurisdiction or Improper Venue

■ Plaintiff's assertion of personal jurisdiction is based on plaintiff being a New York corporation, and the allegation that defendant Moyer, acting as the other defendants' agent, visited New York and picked up a check in connection with this transaction. The defendants' affidavits contradict these allegations. Plaintiff's al-

1. The parties disagree on the circumstances which initiated the transaction and the defendants' affidavits contradict that of Arab on sev-

eral factual points. For purposes of this motion only, plaintiff's factual allegations are taken as true, since plaintiff is the non-moving party.

legations are conclusory statements without specific factual support; several relevant facts stated in the complaint contradict those contained in the Affidavit of Arab ("Arab Aff."), June 21, 1991, submitted by plaintiff. There has been no discovery in this action, brought as a diversity action pursuant to 28 U.S.C. § 1332(a)(1) and as an action arising under 28 U.S.C. § 1331 due to its RICO claims.

The allegations herein do not permit venue in this district under 28 U.S.C. § 1391. The Southern District of New York is not the "judicial district where any defendant resides ..." (§ 1391(a)(1) or (b)(1)) and is not the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated ..." (§ 1391(a)(2) or (b)(2)). Nor is it "a judicial district in which any defendant may be found" (§ 1391(b)(3)).

With respect to Section 1391(a)(3), "a judicial district in which the defendants are subject to personal jurisdiction at the time action is commenced," plaintiff does not set forth facts sufficient to assert personal jurisdiction over any defendant under Section 301 of the New York Civil Practice Law and Rules (CPLR).[2] Instead, plaintiff asserts personal jurisdiction pursuant to Section 302(a)(1) of the CPLR due to the activity of defendant Moyer in the state which, as far as this transaction is concerned, was comprised of allegedly picking up a check, comprising one of the payments on the transaction, but which Moyer claims was a replacement for a bounced check on another transaction. Assuming Moyer was an agent of the other defendants, it is questionable whether this alleged act constitutes sufficient nexus to the causes of action pleaded to confer jurisdiction under Section 302 of the CPLR.

■ Section 1391 also provides that venue may exist "if otherwise provided by law." The venue for a RICO action is determined under 18 U.S.C. § 1965 in addition to the general venue statute, 28 U.S.C. § 1391 (1990) (as amended). The doctrine of forum non conveniens applies to RICO actions. *Transunion Corp. v. Pepsico, Inc.,* 811 F.2d 127, 130 (2d Cir.1987).

18 U.S.C. 1965(a), the venue provision of RICO, states in relevant part:

(a) Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.

An analysis similar to that under Section 302 of the CPLR applies to Section 1965(a). None of the defendants reside, were found, or had an agent in this district. Furthermore, plaintiff has not shown that in fact any defendant transacts his or her affairs in this district. *Bulk Oil v. Sun Oil Trading Co.,* 584 F.Supp. 36 at 39–40 (S.D.N.Y.1983). Instead, plaintiff relies on the alleged act of Moyer in picking up a check as agent for the other defendants.

## II. Forum Non Conveniens

■ The Eastern District of Pennsylvania is a more appropriate and convenient forum for this action than the Southern District of New York. The doctrine of forum non conveniens requires that a court consider the private and public interests as factors in weighing the appropriateness of a forum, giving due weight to the plaintiff's choice of forum. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). The Contract was executed in Pennsylvania and the settlement was concluded in Pennsylvania. The purchasers were New Jersey residents. The common law claims will have to be interpreted according to Pennsylvania law, where the documents were executed. The Land itself, the value and nature of which is cen-

---

**2.** The plaintiff's factual allegations, taken as true for purposes of this motion, do not appear to justify personal jurisdiction under either of the relevant provisions of New York law, §§ 301 or 302. Furthermore, they do not show the

kind of systematic and purposeful availing oneself of the benefits of the forum required under due process and minimum contacts analysis. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985).

tral to this action, is located in Pennsylvania. Plaintiff's principals came to Pennsylvania to view the Land. There is no allegation that any defendant other than Moyer had any contact with plaintiff's principals outside Pennsylvania. The alleged misrepresentations must have been made in Pennsylvania. All defendants reside in Pennsylvania. Lower Macungie Township, whose refusal of the necessary permits and approvals is also central to this action, is located in Pennsylvania. It will be a hardship for defendants, a collection of individuals and small local businesses, to litigate in New York. New York has little interest in the resolution of this dispute, since virtually all the events at issue took place in Pennsylvania, all defendants are Pennsylvania residents, and Pennsylvania law applies to two of the three claims, the third being a RICO claim.

Accordingly, having weighed the public and private interests at issue, the Court grants defendants' motion to transfer the action to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a) and 1406(a) and the doctrine of forum non conveniens. The Court does not decide the questions of personal jurisdiction and improper venue.

CONCLUSION

For the reasons stated above, the action is transferred to the United States District Court for the Eastern District of Pennsylvania.

IT IS SO ORDERED.